UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-61399-SMITH/VALLE

DOUGLAS FLINT FAIRWEATHER,

    Plaintiff,

v.

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Fees Pursuant to the Equal Access to Justice Act (the "Motion") (ECF No. 25), which has been referred to the undersigned for a Report and Recommendation.[1]  *See* (ECF No. 2).

Upon the parties' agreement in the Joint Status Report (ECF No. 18), the District Court remanded the case to the Commissioner for further administrative proceedings.  *See generally* (ECF Nos. 19, 20).  Plaintiff now seeks an award of his attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA").  *See* (ECF No. 25).  Defendant does not oppose this request for fees.  *See id.* at 2.

Under the EAJA, a court generally must award reasonable attorneys' fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  Here, based on the consent to remand, it is undisputed that Plaintiff is the prevailing party. *See* (ECF No. 18 at 2).  Further, Plaintiff argues (and Defendant does not dispute)

---

[1] Based on this filing, Plaintiff's initial Motion for Fees Pursuant to the Equal Access to Justice Act (ECF No. 21) is **DENIED AS MOOT**.

that fees and expenses may be awarded where Defendant's position was not substantially justified, and no special circumstances exist that would render a fee award unjust. *See* (ECF No. 25 at 1, 3). Thus, the only issue is whether Plaintiff's requested attorney's fees are reasonable.

## I.     ATTORNEYS' FEES

Plaintiff seeks an award of $8,474.00 in attorney's fees and $402.00 in costs. *Id*. at 1. The attorney's fees result from 43.56 hours of work performed by attorney Eddy Pierre Pierre and 10.15 hours of paralegal work. *See* (ECF No. 25-1 at 2). However, Plaintiff agreed to waive the paralegal hours and reduce his request to 40 attorney hours at a rate of $229.04 for work done in 2022. *See id.* at 2, 3.

Although the EAJA sets a ceiling of $125 per hour for attorneys' fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Dewees v. Acting Comm'r of Soc. Sec.*, No. 21-CV-328-PDB, 2022 WL 1406667, at *6 (M.D. Fla. May 4, 2022) (approving EAJA hourly rate at $214.29 for attorney work performed in 2021); *Williams v. Kijakazi*, No. 22-CV-60964-RS, 2023 WL 5507723, at *1 (S.D. Fla. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 5507724 (S.D. Fla. Aug. 25, 2023) (adopting the undersigned's recommendation to award EAJA fees based on rate of $234.95 an hour for work performed in 2022–23). Based on a review of the record, the undersigned finds that the attorney's hourly rate is supported by the increased cost of living and consistent with other attorneys petitioning for EAJA fees within the Circuit. *See, e.g.*, *Dewees*, 2022 WL 1406667, at *6.

Next, given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, *see* (ECF Nos. 25-1 at 1–2; 25-2), the undersigned finds that Plaintiff's request for attorney's fees is reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal

2

community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Watkins v. Kijakazi*, No. 20-CV-61213, 2023 WL 158194, at *1 (S.D. Fla. Jan. 11, 2023) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Jandasek v. Kijakazi*, No. 20-CV-61286, 2021 WL 4709796, at *1 (S.D. Fla. Oct. 8, 2021) (same); *Obando v. Kijakazi*, No. 20-CV-60990, 2021 WL 4226020, at *1 (S.D. Fla. Sept. 16, 2021) (same).

Lastly, in the Motion, Plaintiff discloses that he has assigned to his attorney any fee award he may receive under the EAJA. (ECF Nos. 25 at 4; 25-1 at 3). Accordingly, once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States, the fees should be paid directly to counsel. *See, e.g.*, *Williams*, 2023 WL 5507723, at *2 (recommending that fees be paid directly to counsel). *But see*, *Harrell v. Colvin*, No. 14-20513-BB (S.D. Fla. Apr. 10, 2015) (ECF No. 39) (discussing the split in the District regarding assignment of EAJA fees and concluding that fees should be paid directly to plaintiff).

## II.     RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Fees Pursuant to the Equal Access to Justice Act (ECF No. 25) be **GRANTED** and that Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act (ECF No. 21) be **DENIED AS MOOT**. Plaintiff should be awarded **$8,474.00** in attorney's fees and **$402.00** in costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States.

Finally, given the unopposed nature of the Motion, the undersigned recommends that the District Judge forego any objection period to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing a 14-day objection period for Magistrate Judge's recommendation); S.D. Fla. Mag. R. 4(b) (providing a 14-day objection period for Magistrate Judge's recommendation unless

a different period is prescribed by the Court). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on December 20, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    Counsel of Record